UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MORRIS BART** | * | **CIVIL ACTION NO.** |
| and | * | **DEMAND FOR JURY TRIAL** |
| **MORRIS BART, LLC** | * | |
| | * | **SECTION** |
| **VERSUS** | * | |
| **CORY WATSON, P.C.** | * | **JUDGE:** |
| | * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, **MORRIS BART** and **MORRIS BART, LLC**, who respectfully represent that:

### THE PARTIES

1. Plaintiffs herein are **MORRIS BART**, a person of full age and majority domiciled in the Parish of Orleans, Louisiana, and **MORRIS BART, LLC** (hereinafter "Morris Bart Firm"), a limited liability company with its principle place of business in the Parish of Orleans, Louisiana; and

2. Defendant herein is **CORY WATSON, P.C.** (hereinafter, "Cory Watson"), an Alabama professional corporation with is principal place of business at 231 Magnolia Ave., Birmingham, Alabama 35205.

### JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendant because the Defendant conducts business in the State of Louisiana, and the Defendant has committed acts within the State of Louisiana that violate the laws of the United States.

1

4. This Court has subject matter jurisdiction over Counts 1-3 pursuant to 15 U.S.C. § 1121(a) because Plaintiffs' claims raise a federal question under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court also has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331.

5. Plaintiffs' remaining claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

6. The Court also has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim" occurred within the Eastern District of Louisiana.

## FACTS

### Morris Bart, LLC and the MORRIS BART Mark

8. In 1980, Mr. Morris Bart started as a solo practitioner and later founded the Morris Bart Firm. Today, the Morris Bart Firm has sixteen (16) offices located across the southeast in Louisiana, Mississippi, Alabama, and Arkansas and employs over 100 attorneys. Indeed, the Morris Bart Firm is one of the most well-known and respected personal injury firms in the country.

9. Mr. Morris Bart was a pioneer in legal advertising, and since 1980, the Morris Bart Firm has engaged in continuous and extensive advertising and marketing efforts to promote the firm's legal services to the public. The Morris Bart Firm's growth and success are attributable to its aggressive and effective marketing campaigns. The Morris Bart Firm has expended substantial

amounts of time, effort, and resources to advertising and marketing campaigns, which include, but are not limited to, TV commercials, billboards, radio advertising, Internet advertising, and sponsorships. These efforts have proven successful, as Mr. Bart is a well-known and familiar figure in the southeast region of the United States.

10. Thus, through the Morris Bart Firm's marketing efforts, the name "Morris Bart," (hereafter referred to as the "MORRIS BART Mark"), when used in connection with the promotion of Morris Bart's legal services, has acquired substantial recognition by the public seeking legal services and serves to uniquely identify Mr. Morris Bart's and the Morris Bart Firm's legal services.

11. The Morris Bart Firm also registered a service mark for "Morris Bart" with the United States Patent and Trade Office (U.S. Reg. No. 2,400,003) on October 31, 2000, and it remains in full force and effect, giving rise to presumptions of validity, ownership, and exclusive rights to use the mark throughout the United States in favor of Plaintiffs.

**Google Ads and Click-to-Call**

12. By way of background, Google operates a keyword-triggered advertising program known as "Google Ads" (formally known as Google "AdWords") that generates advertisements on the website's search-results screen. The sponsored advertisements appear above the non-sponsored "organic" search results. Advertisers participating in Google Ads purchase or bid on certain keywords, paying Google for the right to have their ads displayed near the top of the search results whenever an Internet user searches for those words.

13. Additionally, Google Ads offers "call-only ads" or "click-to-call" which contain a telephone icon designed to encourage people to click and directly call the advertised business. These "call-only" ads appear only on devices that make phone calls (i.e., mobile devices). Each

time an Internet user clicks on a sponsored, call-only ad, the user's mobile device automatically dials the number in the ad. Google charges a fee to the Google Ads participant on a per-click basis.

**Defendant's Deceptive Conduct**

14. Defendant operates a plaintiff personal injury law firm with offices in Birmingham, Alabama as well as Memphis and Nashville, Tennessee.

15. Defendant's website, corywatson.com, describes the firm as "personally injury lawyers serving clients in Alabama, Tennessee, and Nationwide."

16. Upon information and belief, in association with or part of its firm, Defendant operates a call center associated with that website.  Through that call center, Defendant solicits personal injury cases, including from calls received based on its websites and search engine advertisements.

17. To carry out its scheme, Defendant purchases the MORRIS BART Mark as a keyword advertisement through Google's search engine on mobile devices and uses it in conjunction with confusingly similar ads that do not clearly identify Defendant.

18. Upon information and belief, Defendant purchases the MORRIS BART Mark as a keyword advertisement on mobile devices because of the likelihood that consumers will be confused and quickly click on Defendant's ad, including the click-to-call button, not realizing that the link is not affiliated with Plaintiffs.

19. As a result, Google searches for "MORRIS BART" result in search pages that display Defendant's advertisement—before the Morris Bart Firm's own, similar ads—without clearly identifying the Defendant's law firm, as shown below:



20. As shown above, in response to a search for "MORRIS BART," Defendant's online advertisement appears before the advertisement for the Morris Bart Firm. Moreover, Defendant's online advertisement does not clearly identify the name of Defendant's firm but merely states: "(2015) 509-1270 | For Birmingham Injury Lawyer | 100% Free Consultation."

21. Thus, Defendant's search engine advertisements are designed to display generic terms that consumers might associate with any personal injury firm. Consumers specifically searching for Morris Bart or the Morris Bart Firm are likely to believe that Defendant's advertisements are actually for the Morris Bart Firm or that the Defendant is somehow affiliated with Plaintiffs.

5

22. This consumer confusion is compounded—where as here—the consumers are often searching for Plaintiffs in the aftermath of an accident on their mobile phones, where the typeface of the ads is small, and the only content displayed under the search for the MORRIS BART Mark is Defendant's deceptive advertisement.

23. Significantly, Defendant's mobile search engine ads will include a "click-to-call" button that targets mobile devices and users, and when a consumer taps the button, the mobile device calls a pre-determined phone number instead of linking to a website. Consumers who click on the click-to-call button are then connected to a call center operated by Defendant. Thus, consumers who click on the click-to-call button are not directed to any separate website—or given any additional information regarding Defendant's identify—before the call is made.

24. Defendant purchases the MORRIS BART Mark so that consumers in Louisiana who seek Plaintiff's legal services in Alabama and run a search for the MORRIS BART Mark in Alabama yield a response of Defendant's deceptive advertisement, as described *supra* ¶¶ 19-23.

25. As part of Defendant's scheme, Defendant has bid and continues to bid increasingly higher amounts for the MORRIS BART Mark as a keyword advertisement. Defendant continues to bid higher amounts in order to appear as the first advertisement for keyword searches of the MORRIS BART Mark. As a consequence, Defendant has driven up the cost for Plaintiffs to purchase their own mark for keyword searches. For example, on or around Monday, September 9, 2019, the price to purchase "Morris Bart" as a keyword advertisement on Google was $35. By Thursday, September 12, 2019, the price had risen to $141 for "Morris Bart."

26. Defendant's actions, including purchasing and using the MORRIS BART Mark as a keyword on Google Ads in conjunction with Defendant's intentionally deceptive advertisements, was clearly designed to divert potential clients from Plaintiffs to Defendant.

**Effect of Defendant's Scheme on Plaintiffs**

27. Defendant's use of the MORRIS BART Mark as a keyword in Google Ads has caused and is likely to continue to cause confusion among potential clients as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's advertisements when potential clients search for Plaintiffs' names.

28. Based upon information and belief, Defendant's deceptive advertisements have actually deceived consumers who have searched for Plaintiffs on the Internet by falsely associating Plaintiffs and Plaintiffs' legal services with Defendant and Defendant's legal services, and Plaintiffs have lost clients as a result of Defendant's deceptive advertisements.

29. Defendant's actions are a misrepresentation of fact and/or omission of the truth made to unlawfully and unjustly profit from Plaintiffs' reputation and goodwill.

30. Defendant's actions have caused and are likely to continue to cause potential clients to retain the Defendant, instead of Plaintiffs, for legal representation.

31. Plaintiffs have not licensed, authorized, or given permission to Defendant for the use of their names for any commercial purpose. At no time did Defendant request from Plaintiffs a license, authorization, or permission to use Morris Bart's name for any commercial purpose.

32. Defendant's unauthorized use of the MORRIS BART Mark allows Defendant to appropriate the product of Plaintiffs' efforts in developing extensive advertising materials and

executing costly marking efforts, thereby enabling Defendant to gain a special advantage in competing with Plaintiffs by avoiding the costs and burden incurred by Plaintiff in cultivating their strong reputation among the public.

33. Defendant's unauthorized use of the MORRIS BART Mark is likely to dilute the famous MORRIS BART Mark as Defendant's use weakens the ability of the mark to clearly and unmistakably distinguish the source of Plaintiff's services.

34. Defendant's authorized used of the MORRIS BART Mark takes away Plaintiffs' ability to control the nature and quality of the services provided under the MORRIS BART Mark.

35. As a result of Defendant's actions and conduct, Plaintiffs have suffered damages.

36. Unless this Honorable Court restrains Defendant's actions, Defendant will continue these deceptive practices and cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

### COUNT 1 – LANHAM ACT
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

37. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

38. By virtue of extensive advertising and marketing campaigns, in conjunction with providing skilled, knowledgeable and exceptional legal services in Alabama, Plaintiffs' names identify and distinguish their services from other attorneys, thereby entitling Morris Bart's name (the MORRIS BART Mark) to protection under the Lanham Act.

39. Additionally, Morris' Bart's name, "Morris Bart" is a registered service mark, giving rise to presumptions of validity, ownership, and exclusive rights to use the mark throughout the United States.

40. Defendant's unauthorized use of the MORRIS BART Mark in commerce to advertise, promote, market, and offer services constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

41. Plaintiffs have suffered and continue to suffer damages as a direct and proximate result of Defendant's actions, and Defendant has and will continue to unfairly acquire income and profits.

42. Plaintiffs are thus entitled to an injunction and to the recovery of damages in an amount to be proven at trial, profits, and the costs of this action, under 15 U.S.C. § 1116 and 15 U.S.C. § 1117.

43. Moreover, Defendant's unauthorized use of the MORRIS BART Mark was willful, and with the intent to cause confusion, mistake, or deception, and designed to trade on the goodwill associated with Plaintiffs' names, making this case exceptional and entitling Plaintiffs to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## **COUNT 2 – LANHAM ACT FALSE ADVERTISING (15 U.S.C. § 1125(a))**

44. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

45. Defendant's unauthorized use of Plaintiffs' protectable trademark, the MORRIS BART Mark, in commerce to advertise, promote, market and offer services constitutes a false designation

of origin or misrepresentation that falsely designates Defendant's services as originating from or connected with Plaintiffs.

46. Consumers have been and are likely to continue to be misled and deceived by Defendant's conduct.

47. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered and will continue to suffer loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill. Plaintiffs are thus entitled to injunctive relief and damages in an amount to be proven at trial, profits, and the costs of this action, under 15. U.S.C. § 1116 and 15. U.S.C. § 1117.

48. Moreover, Defendant's unauthorized use of the MORRIS BART Mark was willful, and with the intent to cause confusion, mistake, or deception, and designed to trade on the goodwill associated with Plaintiffs' names, making this case exceptional and entitling Plaintiffs to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## COUNT 3 – LANHAM ACT FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION (15 U.S.C. § 1125(a))

49. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

50. Defendant's unauthorized use of Plaintiffs' protectable trademark, the MORRIS BART Mark, in commerce to advertise, promote, market and offer services constitutes a false designation of origin or misrepresentation that falsely designates Defendant's services as originating from or connected with Plaintiffs, to unfairly compete with and steal potential clients from Plaintiffs.

51. The foregoing acts and conduct by Defendant had caused and is likely to continue to cause confusion, mistake, and to deceive as to the affiliation, connection, or association of Defendant and Defendant's legal services with Plaintiffs and Plaintiffs' legal services.

52. Upon information and belief, the foregoing acts and conduct by Defendant actually deceived and will continue to deceive a substantial segment of those who search for Plaintiffs on the Internet by falsely associating Plaintiffs and Plaintiffs' legal services with Defendant and Defendant's legal services.

53. The foregoing acts and conduct by Defendant constitutes a false designation of origin or false misrepresentation that wrongfully and falsely designates Defendant's services as originating from or connected with Plaintiffs, in violation of 15 U.S.C. § 1125(a).

54. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have suffered and will continue to suffer loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill. Plaintiffs are thus entitled to injunctive relief and damages in an amount to be proven at trial, profits, and the costs of this action, under 15 U.S.C. § 1116 and 15 U.S.C. § 1117.

55. Moreover, Defendant's unauthorized use of the mark was willful, and with the intent to cause confusion, mistake, or deception, and designed to trade on the goodwill associated with Plaintiffs' name, making this case exceptional and entitling Plaintiffs to recover treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

### COUNT 4 – LANHAM ACT DILUTION  (15 U.S.C. § 1125(c))

56. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

57. By virtue of extensive advertising and marketing campaigns, in conjunction with providing skilled, knowledgeable and exceptional legal services, Plaintiffs' names identify and distinguish their services from other attorneys, rendering Morris Bart's name (the MORRIS BART Mark) to be considered famous.

58. Defendant has used the MORRIS BART Mark in commerce to advertise, promote, market, and Defendant's unauthorized use has caused and is likely to continue to cause consumer confusion, mistake, or deception.

59. The foregoing acts of Defendant therefore constitute dilution under 15 U.S.C. § 1125(c), Defendant's improper use of the MORRIS BART Mark is likely to cause dilution by blurring and/or dilution by tarnishment.

60. As a direct and proximate result of Defendant's dilution, Plaintiffs have suffered and will continue to suffer loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill. Plaintiffs are thus entitled to injunctive relief and damages in an amount to be proven at trial, profits, and the costs of this action, under 15 U.S.C. § 1116 and 15 U.S.C. § 1117.

### COUNT 6 – TRADEMARK INFRINGEMENT UNDER ALABAMA COMMON LAW

61. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set herein.

62. The acts of Defendant detailed herein constitute trademark infringement under Alabama common law.

## COUNT 5 – TRADEMARK DILUTION
## UNDER THE ALABAMA TRADEMARK ACT, ALA. CODE §§ 8-12-1 ET SEQ.

63. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

64. The acts of Defendant detailed herein constituted dilution under the Alabama Trademark Act, and Plaintiffs are entitled to an injunction and to the recovery of damages in an amount to be proven at trial, profits, and the costs of this action, under Ala. Code. § 8-12-17.

## COUNT 6 – DECEPTIVE TRADE PRACTICES
## UNDER THE ALABAMA TRADE PRACTICES ACT, ALA. CODE §§ 8-19-1 ET SEQ.

65. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

66. The acts of Defendant detailed herein constitute unlawful trade practices under Alabama's Trade Practices Act, Ala. Code §§ 8-19-1 et seq, including *inter alia*, unlawful trade practices as defined by §§ 8-19-5(1), 8-19-5(2), 8-19-5(3), and 8-19-5(5).

67. Ala. Code § 8-19-10 provides a private right of action for violations of the Deceptive Trade Practices Act, which entitles the injured to actual damages, or the sum of $100, whichever is greater, up to three times any actual damages, costs, and a reasonable attorney's fee.

## COUNT 8 – FRAUD

68. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

69. As more fully set out above, Defendant's unauthorized use of the MORRIS BART Mark in deliberate, deceptive advertisements to potential clients regarding Defendant's identity

13

constitutes misrepresentations of fact and omissions of truth made with the intent to deceive the public and obtain an unjust advantage for themselves and to cause a loss to Plaintiffs.

70. Defendant therefore committed fraud under Alabama common law.

### **COUNT 7 – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

71. Plaintiffs reallege and incorporate by reference the allegations of the above paragraphs as though fully set forth herein.

72. As more fully set forth above, Defendant has carried out and continues to carry out an intentionally deceptive scheme whereby Defendant uses the MORRIS BART Mark in intentionally deceptive advertisements in order to divert consumers seeking Plaintiffs' legal services to Defendant.

73. The acts of Defendant detailed herein constitute tortious interference with business relations under Alabama common law.

### **PRAYER FOR RELIEF**

Plaintiffs request trial by jury.

**WHEREFORE**, Plaintiffs, **MORRIS BART** and **MORRIS BART, LLC** pray that Defendant, **CORY WATSON, P.C.** be served with a copy of this complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendant as follows:

1. Issuing a preliminary and permanent injunction enjoining the Defendant and its officers, partners, agents, subcontractors, servants, employees, affiliates, related companies, and all others acting in concert or participating with them from:

   a. Bidding on and/or purchasing key words that are identical or substantially similar to Plaintiffs' name (the MORRIS BART Mark);

   b. Making use of Plaintiffs' names in a manner that is likely to confuse actual and potential clients into believing that the legal services that are the subject of Defendant's advertising are sponsored, by, affiliated with, or otherwise tacitly endorsed by Plaintiffs; and

   c. Engaging in any other acts constituting unfair competition or deceptive practices with Plaintiffs;

2. Ordering Defendant to immediately terminate any and all contracts with search engine operators (e.g., Google, Bing, Yahoo! and AOL), through which Defendant has bid on or purchased keywords or terms that include Plaintiffs' name;

3. Requiring Defendant to account for and pay over to Plaintiffs all gross profits realized by Defendant as a result of Defendant's infringement on Plaintiffs' mark, as well as its unfair competition described in this Complaint;

4. Awarding Plaintiffs all damages caused by the acts forming the basis of this Complaint in accordance with 15 U.S.C. § 1117(a), and/or the laws of the State of Alabama including, but not limited to all available awards of punitive, exemplary and treble damages;

5. Enhancing any damages and/or profits awards, based on Defendant's knowing and intentional use of Plaintiffs' name (the MORRIS BART Mark) in a confusing manner, as provided by 15 U.S.C. § 1117(a), and/or the laws of the State of Alabama;

6. Requiring the Defendant to pay to Plaintiffs the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the laws of the State of Alabama;

7. Awarding Plaintiffs legal interest from the date of judicial demand until paid in full; and

8. Any other further relief as the Court may deem just and proper.

Respectfully submitted,

**HUBER THOMAS & MARCELLE, LLP**

*s/Stephen M. Huber*

STEPHEN M. HUBER, Bar No. 24463
ASHLEY L.F. BARRIERE, Bar No. 38129
**HUBER THOMAS & MARCELLE, LLP**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Telephone:   (504) 274-2500
Facsimile:    (504) 910-0838

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record via electronic filing, U.S. mail, facsimile and/or email on this 8th day of October, 2019.

*s/ Stephen Huber*
**STEPHEN M. HUBER (#24463)**

16